United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                  Case No. 23-cr-20262

v.

                  Hon. Shalina D. Kumar

D-2 Jaakawa McGruder,
  a.k.a. "Jaawkawa," "Jaak,"
  "Yaak," "the realtor,"

      Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Jaakawa McGruder, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Count 2 of the Indictment. Count 2 charges the defendant with Conspiracy to Tamper with a Witness under 18 U.S.C. § 1512(k).

## 2.    Statutory Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 2 | Term of imprisonment: | Up to 20 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

## 3.   Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

## 4.   Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the Indictment or factual basis.

## 5.   Elements of Count of Conviction

The elements of Count 2 are:

(1) Two or more persons conspired, or agreed, to commit the crime of Tampering with a Witness in violation of 18 U.S.C. § 1512(b)(1); and

Page **2** of **20**

(2) The defendant knowingly and voluntarily joined the

conspiracy.

The elements of a violation of 18 U.S.C. § 1512(b)(1) are:

(1) The defendant knowingly corruptly persuaded another person,

or attempted to do so; and

(2) The defendant did so with the intent to influence the

testimony of any person in an official proceeding.

6. **Factual Basis**

The parties agree that the following facts are true, accurately

describe the defendant's role in the offense, and provide a sufficient

factual basis for the defendant's guilty plea:

> Beginning at a time unknown and continuing through at least
> May 22, 2018, in the Eastern District of Michigan and
> elsewhere, defendant Jaakawa McGruder conspired and
> agreed with Omar Rashad Pouncy and Rashad Shahid to
> commit the crime of tampering with a witness under 18 U.S.C.
> § 1512(b)(1). McGruder knowingly and voluntarily joined in
> this conspiracy in violation of 18 U.S.C. § 1512(k) and agreed
> to be corruptly persuaded and influenced to testify falsely in
> exchange for payment in *Pouncy v. Palmer*, Case No. 13-cv-
> 14695, in the United States District Court for the Eastern
> District of Michigan, which was an official proceeding.
>
> In 2006, Pouncy was convicted of multiple violations of
> Michigan state law in relation to two carjackings that took
> place in 2005. In November 2013, Pouncy filed a federal
> habeas corpus petition in *Pouncy v. Palmer*, Case No. 13-cv-

14695, in the United States District Court for the Eastern District of Michigan. During these proceedings, Pouncy falsely alleged, among other things, that he was actually innocent of the carjackings for which he had been convicted, and that another individual, Jaakawa McGruder, had committed the offenses instead of Pouncy.

In 2015 and 2018, Pouncy submitted affidavits in his habeas proceedings that falsely implicated McGruder, rather than Pouncy, in the carjackings.

Beginning on at least March 7, 2018, while Pouncy was in custody at a Michigan Department of Corrections facility, Pouncy and Shahid conspired to persuade McGruder to provide false testimony in Pouncy's habeas proceedings in exchange for payments totaling $10,000. At Pouncy's direction, Shahid communicated with Pouncy and McGruder regarding the object of the conspiracy and to obtain McGruder's agreement to join the conspiracy. Between approximately March 13, 2018, and April 4, 2018, Shahid sent McGruder a total of $5,000 in payments for his anticipated false testimony exonerating Pouncy, with the remaining $5,000 agreed to be paid after McGruder's testimony.

Beginning on approximately April 2, 2018, Pouncy also conspired directly with McGruder. Pouncy promised to pay McGruder the agreed sum of $10,000 for his false testimony and coached McGruder on the substance of his required testimony.

On May 22, 2018, the district court held an approximately six-hour long evidentiary hearing on Pouncy's actual innocence claims. McGruder testified under oath for approximately five hours, during which he repeatedly committed perjury in furtherance of the conspiracy. For instance, McGruder knowingly testified falsely that McGruder – and not Pouncy – committed the carjackings at issue, that no one had told McGruder how to testify at the hearing, and that McGruder

had not been offered and was not receiving any money for his testimony or his presence at the hearing. This perjury was knowingly suborned by Pouncy and Shahid in furtherance of the conspiracy. After his testimony, McGruder was paid another $5,000 at Pouncy's direction.

## 7.   Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to

have the jury informed that it may not treat that choice as

evidence of guilt;

H.    The right to present evidence or not to present evidence at

trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

## 8.    Collateral Consequences of Conviction

The defendant understands that his convictions here may carry

additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his convictions

here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

his convictions here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the

Court, can predict to a certainty what the additional consequences of

the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 9.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way;

denying his guilt on the offense(s) to which he is pleading guilty;
committing additional crimes after pleading guilty; or otherwise
demonstrating a lack of acceptance of responsibility as defined in USSG
§ 3E1.1—the government will be released from its obligations under
this paragraph, will be free to argue that the defendant not receive *any*
reduction for acceptance of responsibility under USSG § 3E1.1, and will
be free to argue that the defendant receive an enhancement for
obstruction of justice under USSG § 3C1.1.

## C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal
Procedure 11(c)(1)(B) that the following guideline provisions apply:

- 2J1.2(a)(1): Base offense level
- 2J1.2(b)(2): Substantial interference in the administration of justice
- 2J1.2(b)(3)(C): Otherwise extensive in scope, planning, or preparation

## D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing
purposes.

Page **8** of **20**

### E.    Parties' Obligations

Both the defendant and the government agree not to take any

position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 9.B,

9.C, or 9.D. Neither party is otherwise restricted in what it may argue

or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw

from this agreement or withdraw his guilty plea if he disagrees, in any

way, with the guideline range determined by the Court, even if that

guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government

likewise has no right to withdraw from this agreement if it disagrees

with the guideline range determined by the Court.

## 10.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the

Court must calculate the applicable guideline range at sentencing and

must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B.  Imprisonment

### 1.  Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

### 2.  No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

The parties have no agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on

restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F. Forfeiture**

Under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), defendant agrees to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable to, and which he acquired as a result of, his participation in the conspiracy described in the factual basis of this plea agreement. Specifically, defendant agrees to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $10,000 (the "Money Judgment"), following entry of this Rule 11 Agreement. In support of this agreement, defendant acknowledges that he obtained $10,000 as a result of his participation in the conspiracy, in exchange for his false testimony at the hearing in *Pouncy v. Palmer* on May 22, 2018.

Defendant acknowledges that he dissipated most of the criminal proceeds derived from his participation in the conspiracy. Defendant explicitly agrees to the forfeiture of any and all property owned by him or under his dominion and control under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to cooperate with the United States in connection with its efforts to identify, locate, seize, and forfeit property in accordance with this agreement. Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, any property that is forfeitable to the United States and will execute any legal documents that may be required to transfer title to the United States. Defendant will take whatever steps are necessary to ensure that his assets are not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.

Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges, in any form, to any forfeiture carried out in accordance with this plea agreement, on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment.

Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the court to advise him of this, under Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is

accepted. Defendant further waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment and waives any right he may have to request that a jury determine forfeiture under Rule 32.2(b)(5).

### G.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief

permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and

the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 14.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 15.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **5:00 p.m.** on March 26, 2024. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

Anthony P. Vance
Chief, Branch Offices
Assistant United States
Attorney

Ann Nee
Assistant United States
Attorney

Jules DePorre
Assistant United States
Attorney

Dated: March 13, 2024

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Charles O. Longstreet II
Attorney for Defendant

Jaakawa McGruder
Defendant

Dated: 9/26/24

Page **20** of **20**